# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAVENIR, INC. F/K/A XURA, INC., PHILIPPE TARTAVULL, HENRY R. NOTHHAFT, SUSAN D. BOWICK, JAMES BUDGE, NICCOLO DE MASI, MATTHEW A. DRAPKIN, DORON INBAR, and MARK C. TERRELL,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 1:18-cv-01229-CFC<br><br>**JURY TRIAL DEMANDED** |

**OPENING BRIEF IN SUPPORT OF THE MOTION OF PLAINTIFF WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM FOR APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**OF COUNSEL:**

**THORNTON LAW FIRM LLP**
Guillaume Buell (*pro hac vice* filed)
1 Lincoln Street
Boston, Massachusetts 02111
Tel.: (617) 720-1333
Email: gbuell@tenlaw.com

**KIRBY MCINERNEY LLP**
Peter S. Linden (*pro hac vice* filed)
Ira M. Press (*pro hac vice* filed)
825 Third Avenue
New York, New York 10022
(212) 371-6600

*Counsel for Plaintiff Wayne County Employees' Retirement System and Proposed Co-Lead Counsel for the Class*

**ROSENTHAL, MONHAIT & GODDESS, P.A.**
Jessica Zeldin (Del. Bar No. 3558)
P. Bradford deLeeuw (Del. Bar No. 3569)
919 N. Market Street, Suite 1401
P. O. Box 1070
Wilmington, Delaware 19899-1070
(302) 656-4433
jzeldin@rmgglaw.com
bdeleeuw@rmgglaw.com

*Liaison Counsel for Plaintiff Wayne County Employees' Retirement System and Proposed Liaison Counsel for the Class*

# TABLE OF CONTENTS

PROCEDURAL HISTORY ............................................................................................................ 1

SUMMARY OF ARGUMENT ..................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................................ 3

ARGUMENT ................................................................................................................................. 5

I.      Wayne County should be appointed Lead Plaintiff because it meets all the requirements of the PSLRA. ................................................................................................5

        A.      The standard for appointing a Lead Plaintiff pursuant to the PSLRA. .....................5

        B.      Wayne County meets each of the requirements of the PSLRA to be appointed Lead Plaintiff. ...........................................................................................6

              1.      Wayne County filed the Complaint and thus is a proper candidate to be appointed Lead Plaintiff. .....................................................................6

              2.      Wayne County has the largest financial interest of any lead plaintiff candidate because it is the only lead plaintiff candidate. ...............7

              3.      Wayne County meets the typicality and adequacy requirements of Rule of Civil Procedure 23. .......................................................................7

        C.      There is no evidence in the record to rebut the presumption that Wayne County is the "most adequate plaintiff" and should be appointed Lead Plaintiff. .....................................................................................................................9

II.     The Court should approve Wayne County's choice of counsel. ..........................................9

CONCLUSION ............................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Cases**

*A1 Credit Co.* v. *RAIT Fin'l Trust*,
  2007 WL 9677273 (E.D. Pa. Oct. 25, 2007) .................................................................................. 9

*City of Roseville Employees' Ret. Sys.* v. *Horizon Lines, Inc.*,
  2009 WL 1811067 (D. Del. June 18, 2009) ......................................................................... *passim*

*Coopersmith* v. *Lehman Bros., Inc.*,
  344 F. Supp.2d 783 (D. Mass. 2004) ....................................................................................... 6

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ............................................................................................... 9, 10

*In re Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ................................................................................................. 10

*In re Crayfish Co. Sec. Litig.*, 2002 WL 1268013 (S.D.N.Y. June 6, 2002) .................................. 7

*Police & Fire Ret. Sys. of City of Detroit* v. *Crane*,
  2013 WL 12218318 (N.D. Cal. Aug. 9, 2013) ......................................................................... 7

*Swortz* v. *Crayfish Co.*,
  2001 WL 1160745 (S.D.N.Y Sept. 28, 2001) .......................................................................... 7

**Statutes and Rules**

15 U.S.C. § 78u-4(a) ................................................................................................................. *passim*

17 C.F.R. § 240.14a-9 ....................................................................................................................... 3

Federal Rules of Civil Procedure .................................................................................................... 7

**Other Authorities**

H.R. CONF. REP. 104-327, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 737) ..................... 9

Plaintiff Wayne County Employees' Retirement System ("Wayne County") respectfully submits this Opening brief in support of its motion for entry of an Order: (1) appointing Wayne County as Lead Plaintiff; (2) approving Wayne County's selection of Kirby McInerney LLP and Thornton Law Firm LLP as co-Lead Counsel for the Class and Rosenthal, Monhait & Goddess, P.A. as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## PROCEDURAL HISTORY

Wayne County filed this Action on August 10, 2018. D.I. 1. On August 13, 2018, Wayne County published a notice on *Globe Newswire*, a widely-circulated, national, business-oriented news reporting service, alerting investors that the deadline for class members who did not file the complaint to move for lead plaintiff was October 12, 2018. Notice, attached as Exhibit A to the Declaration of P. Bradford deLeeuw. On October 12, 2018, Utah Retirement Systems filed a motion to be appointed lead plaintiff. D.I. 7. On January 29, 2019, Utah Retirement Systems withdrew its motion. D.I. 22. No other motion to be appointed lead plaintiff was filed. Defendants have waived service of summonses upon them. D.I. 13-21.

## SUMMARY OF ARGUMENT

1.   This case, which Wayne County commenced on August 10, 2018, arises under the Securities Exchange Act of 1934 and is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").[1] Under the PSLRA, the Court must, at this stage of the litigation, appoint a "Lead Plaintiff" to represent the proposed Class moving forward. Under the PSLRA, the Court must, subject to eligibility determinations discussed *infra*, appoint as the Lead Plaintiff either (1) the class member that filed the complaint (here, Wayne County), or (2) a class member who files

---

[1] 15 U.S.C. § 78u-4(a).

a motion within 60 days of notice being published in a wire service advising class members of the pendency of the action and their right to move the Court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i); 78u-4(a)(3)(B)(iii)(I)(aa).

2.      After Wayne County published the requisite public notice about the lawsuit, only one putative member of the Class timely moved for lead plaintiff: the Utah Retirement Systems ("URS"). *See* D.I. 7. But URS withdrew its motion on January 29, 2019. D.I. 22. Therefore, Wayne County is the sole candidate that the Court may appoint as Lead Plaintiff.

3.      Having identified Wayne County as the only eligible candidate to be appointed Lead Plaintiff, the PSLRA next requires the Court to determine who is the "most adequate plaintiff" to serve as Lead Plaintiff among eligible candidates. In doing so, the Court must identify the eligible candidate with the "largest financial interest" in the relief sought, and confirm that it satisfies the typicality and adequacy pursuant to Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) & (cc).

4.      Wayne County meets each of these requirements. ***First,*** Wayne County, which held 267 shares of Xura, Inc. ("Xura," now known as "Mavenir, Inc.") as of July 11, 2016, has the largest (indeed, the only) financial interest of any class members that can seek appointment as Lead Plaintiff at this stage. ***Second,*** Wayne County meets the typicality and adequacy requirements of Rule 23: its claims are typical of (indeed, identical to) those of the entire Class, and has demonstrated that it will fairly and adequately represent the Class's interests by the fact that it filed this action in the first place and is now the only eligible class member that may be appointed Lead Plaintiff. Furthermore, Wayne County has retained and proposed Co-Lead Counsel and Liaison Counsel with extensive experience in securities class action litigation.

5.      For these reasons, the Court should appoint Wayne County as Lead Plaintiff and approve its selection of Co-Lead Counsel and Liaison Counsel for the Class.

## FACTUAL BACKGROUND

Wayne County incorporates by reference as though set forth in its entirety here the allegations of the Complaint, D.I. 1, but provides this brief overview for the Court's benefit.

On May 23, 2016, Xura's Board of Directors caused the Company to enter into an agreement and plan of merger pursuant to which Xura's stockholders received $25.00 cash per share as consideration for the acquisition of Xura by Sierra Private Holdings II Ltd. through a wholly owned subsidiary, Sierra Private Merger Sub Inc., both affiliates of Siris Capital Group, LLC (the "Merger"). *See* Complaint ¶¶1-3.[2] The Complaint alleges that Defendants[3] violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act")[4] in connection with the Merger. *Id.* ¶1. More specifically, the Complaint alleges that Defendants violated the Exchange Act by issuing materially incomplete and misleading disclosures in a Preliminary Proxy Statement on June 28, 2016, a Final Proxy Statement on July 12, 2016, and a supplemental Proxy Statement on July 26, 2016 that were filed with the U.S. Securities and Exchange Commission ("SEC") in connection with the Merger. *Id.* ¶4. The Company's stockholders approved the Merger on August 16, 2016, and it closed three days later. *Id.* ¶3.

The Complaint alleges that the proxy statements were materially incomplete and misleading because, *inter alia*, they failed to disclose: (a) material communications regarding

---

[2] References to "¶ __" are to paragraphs of the Complaint.

[3] Defendants are: Xura and several individual defendants who were members of Xura's board of directors: Philippe Tartavull, Henry R. Nothhaft, Susan D. Bowick, James Budge, Niccolo de Masi, Matthew A. Drapkin, Doron Inbar, and Mark C. Terrell.

[4] 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9.

Merger terms between Defendant Tartavull and Siris without Board authorization or permission from the Board subcommittee provided with authority with respect to consideration of the Merger (the "Strategic Committee"), that undermined Xura's negotiating leverage, (b) that contrary to the representations in the Proxy, the Strategic Committee played no meaningful role in the process that led to the Merger, (c) that Tartavull and Siris cut the Board's financial advisor, Goldman Sachs, out of the loop of the Merger negotiations, notwithstanding the role the proxy statements stated Goldman played, (d) that Xura imposed conditions on an interested bidder that all relevant participants in the process acting on behalf of the Company knew were unreasonable and unnecessary, and that (e) another potential bidder had expressed interest in buying Xura to Defendant Tartavull but somehow learned that Siris was Xura's counterparty, notwithstanding provisions of a non-disclosure agreement signed by Siris and Xura barring such disclosure, and instead of making a bid reached out to Siris seeking a role as a co-investor, while the proxy statements emphasized purported contacts to prospective buyers and claimed none expressed an interest in buying Xura. *Id.* ¶5.

The final Supplemental Proxy emphasized that Xura and Siris had "not reached any agreements about the continuing employment of the executive officers of the Company". *Id.* ¶6. This was a misleading representation as regardless of whether there had been any formal negotiations as to Tartavull's employment after the Merger, it was always clear that Siris' intent had been for Tartavull to continue in his role as CEO of the post-merger company. *Id.*

Xura shareholders were misled into accepting consideration from the Merger that was well below fair value for their Xura shares because of these material omissions and misrepresentations. *Id.* ¶7. Accordingly, it is alleged that Defendants violated Sections 14(a) and 20(a) of the Exchange Act by filing false and misleading proxy materials. *Id.* ¶8.

Wayne County filed this Action on August 10, 2018. D.I. 1. On August 13, 2018, Wayne County published a notice on *Globe Newswire*, a widely-circulated, national, business-oriented news reporting service, alerting investors that the deadline for class members who did not file the complaint to move for lead plaintiff was October 12, 2018. Notice, attached as Exhibit A to the deLeeuw Declaration. On October 12, 2018, Utah Retirement Systems filed a motion to be appointed lead plaintiff. D.I. 7. On January 29, 2019, Utah Retirement Systems withdrew its motion. D.I. 22. No other motion to be appointed lead plaintiff was filed during the statutory 60 day period, nor was any other related complaint filed in this Court during that period. Defendants have waived service of summonses upon them. D.I. 13-21.

## ARGUMENT

### I. Wayne County should be appointed Lead Plaintiff because it meets all the requirements of the PSLRA.

Wayne County respectfully submits it should be appointed Lead Plaintiff because it filed the complaint, has the largest (indeed, the only) financial interest in the relief sought, and has made a *prima facie* showing of adequacy and typicality.

#### A. The standard for appointing a Lead Plaintiff pursuant to the PSLRA.

"Awarding lead plaintiff status in a class action securities lawsuit is a two-step process under the PSLRA." *City of Roseville Employees' Ret. Sys.* v. *Horizon Lines, Inc.*, 2009 WL 1811067, at *1 (D. Del. June 18, 2009). First, the Court must identify a presumptive lead plaintiff, and second, the Court must determine if the presumption has been rebutted. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) & (II); *Roseville*, 2009 WL 1811067, at *1.

The Court shall adopt a presumption that the "most adequate plaintiff" is the class member who (1) "has either filed the complaint or made a motion in response to a notice[5]," (2) has the "largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Roseville*, 2009 WL 1811067, at *1.

In this case, Wayne County meets all three requirements.

### B. Wayne County meets each of the requirements of the PSLRA to be appointed Lead Plaintiff.

#### 1. Wayne County filed the Complaint and thus is a proper candidate to be appointed Lead Plaintiff.

Because Wayne County filed the Complaint in this Action, it so was not required to separately file a motion with the 60-day window after publication of notice regarding pendency of the action. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa) ("the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that-- (aa) has either filed the complaint or made a motion in response to a notice").

Courts agree. "The PSLRA does not limit lead plaintiffs to those who have filed motions within 60 days of the publication of the notice. Rather, those presumed most adequate to serve as lead plaintiffs include either those who have filed a complaint *or* those who made a motion for appointment within the 60 day period." *Coopersmith* v. *Lehman Bros., Inc.*, 344 F. Supp.2d 783, 791-92 (D. Mass. 2004), *Report & Recommendation Adopted*, 344 F. Supp.2d 783 (D. Mass. 2004). As one court pointed out, "[w]here there is not a motion before the Court, the PSLRA

---

[5] The PSLRA requires a plaintiff who files a class action arising under the Exchange Act to, not later than 20 days after the date on which the complaint is filed, publish in a widely circulated national business oriented publication or wire service a notice advising members of the purported class of (1) the pendency of the action, the claims asserted, and the purported class period; and (2) that, not later than 60 days after that date on which the notice is published, that any member of the purported class may move the court to be appointed as lead plaintiff of the purported class. 15 U.S.C. § 78u-4(a)(3)(A)(i). Wayne County filed this Action on August 10, 2018, and shortly thereafter published the requisite notice on August 13, 2018. DeLeeuw Decl. Ex. A (press release).

6

directs this Court's attention to the plaintiffs that have 'filed [a] complaint.'" *Swortz* v. *Crayfish Co.*, 2001 WL 1160745, at *5 (S.D.N.Y Sept. 28, 2001) (quoting 15 U.S.C. § 77z–1(a)(B)(iii)(I)(aa)). In *Swortz*, the Court considered the plaintiffs who filed complaints once it determined there were no timely lead plaintiff motions. 2001 WL 1160745, at *5 (the PSLRA requires "a complaint or a timely filed motion").[6]

While URS timely filed a motion for lead plaintiff, it subsequently withdrew its motion. D.I. 22. No other class members filed a motion. Therefore, Wayne County is the only class member eligible to be appointed as Lead Plaintiff.

### 2. Wayne County has the largest financial interest of any lead plaintiff candidate because it is the only lead plaintiff candidate.

The PSLRA next requires that the Court determine which class member eligible for appointment has the largest financial interest in the relief sought, and who meets the requirements of Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). "The determination of which plaintiff has the largest financial interest is often an easy one." *Roseville*, 2009 WL 1811067, at *2. In this case, Wayne County held 267 shares of Xura as of July 11, 2016, an interest greater than any other movant because there are no other movants. *See* D.I. 1 at 23 (sworn certification establishing Wayne County's holdings in Xura). Therefore, Wayne County has established it has a financial interest in the case, that is axiomatically the largest one.

### 3. Wayne County meets the typicality and adequacy requirements of Rule of Civil Procedure 23.

Finally, the Court must confirm that Wayne County "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). To

---

[6] While the court later reconsidered its order and appointed a movant (based on a technicality with respect to timing), it did not disturb its prior, correct, analysis. *See In re Crayfish Co. Sec. Litig.*, 2002 WL 1268013 (S.D.N.Y. June 6, 2002).

7

determine Wayne County does so, the Court's inquiry "need not be extensive." *Roseville*, 2009 WL 1811067, at *2. At this threshold stage, the court need only assess whether movants have stated a *prima facie* case of typicality and adequacy. *Id.* (quotations and brackets omitted). With regard to typicality, the Court considers whether Wayne County's circumstances are "markedly different" from the claims of the class. *Roseville*, 2009 WL 1811067, at *2. With regard to adequacy, the Court examines whether Wayne County has the ability and incentive to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is a conflict between its claims and those asserted on behalf of the class. *Id.*

The typicality requirement is satisfied here because Wayne County seeks the same relief and advances the same legal theories as other Class members, and it is not subject to any unique or special defenses. It was, as was the rest of the Class, misled into accepting consideration from the merger that was below the fair value for Xura shares. These claims are based on the same legal theory and arise out of the same facts and events as the Class's claims.

The adequacy requirement is met because Wayne County has, and will continue to, adequately and fairly represent the interests of the Class. First, and most importantly, Wayne County *filed this lawsuit* on behalf of the Class. D.I. 1. Its interests are in perfect alignment with the Class's, and are not antagonistic in any way. Wayne County has the same interest as all other Class members: maximizing the Class's recovery. There is nothing in the record that indicates any conflicts of interest between Wayne County and other Class members. And given that Wayne County undertook the effort of filing this Action in the first place, it has demonstrated it has the incentive and desire to vigorously represent the Class's interests. Furthermore, Wayne County has retained sophisticated class counsel with extensive experience litigation class actions arising under the federal securities laws. deLeeuw Decl. Ex. B (firm resumés).

That Wayne County will adequately represent the interests of the Class is further reinforced by the fact that it is an institutional investor and thus "is the type of plaintiff that has both the ability and incentive to vigorously pursue the claims of the class." *A1 Credit Co.* v. *RAIT Fin'l Trust*, 2007 WL 9677273, at *3 (E.D. Pa. Oct. 25, 2007). This analysis is "consistent with the legislative history of the PSLRA" that favors having institutional investors appointed. *See id.* (citing H.R. CONF. REP. 104-327, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 737); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff").

### C. There is no evidence in the record to rebut the presumption that Wayne County is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

"Once the court identifies the presumptive lead plaintiff it must determine whether that presumption has been rebutted." *Roseville*, 2009 WL 1811067, at *2; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The PSLRA expressly states that the presumption "may be rebutted only upon ***proof by a member of the purported plaintiff class*** that the presumptively most adequate plaintiff … will not fairly and adequately protect the interests of the class; or … is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added); *Roseville*, 2009 WL 1811067, at *2.

No class member has put forward any such proof. Indeed, no class member has objected in any way. Therefore, the presumption that Wayne County should be appointed has not been rebutted.

### II. The Court should approve Wayne County's choice of counsel.

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's

9

decisions as to counsel selection and counsel retention." *Cendant*, 264 F.3d at 276; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(v). The court should not disturb a lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." *See In re Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

In this case, Wayne County has selected Kirby McInerney LLP and Thornton Law Firm LLP as Co-Lead Counsel for the Class and Rosenthal, Monhait & Goddess, P.A. as Liaison Counsel for the Class. Each of these firms, as set forth in their Firm Resumes, have extensive experience litigating complex class actions arising under the federal securities laws. deLeeuw Decl. Ex. B.

Kirby McInerney LLP has been a leader in federal securities litigation for more than 70 years. *Id.* The firm has served as lead or co-lead counsel in dozens of PSLRA class actions (in addition to serving in similar capacities in numerous antitrust and state court class actions. *Id.* The firm's clients have included dozens of institutional investors (including Wayne County on numerous occasions). *Id.* The firm's efforts have resulted in billions of dollars of recoveries for clients. *Id.*

Thornton Law Firm was founded in 1978. It is a leading law firm in Massachusetts, with attorneys representing thousands of clients in a wide variety of plaintiff-side work. Thornton's attorneys practice, among other things, in the areas of securities litigation, consumer class actions, False Claims Act suits, toxic torts, and personal injury law. Thornton Law is currently serving as co-lead counsel in three securities class actions pending in federal courts in California, New York, and Florida against Flex Ltd., Adient plc, and Dycom Industries, Inc., as well as actions against Impinj, Inc. and Veeco Instruments, Inc. in New York and California state courts. *Id*.

Finally, Rosenthal, Monhait & Goddess, P.A. has substantial experience litigating complex securities class actions and is well qualified to represent the class as Liaison Counsel. *Id.*

In sum, the experience and sophistication of Kirby McInerney LLP, Thornton Law Firm LLP and Rosenthal, Monhait & Goddess, P.A. demonstrates that there can be no dispute that they will more than adequately represent the Class.  *See Roseville*, 2009 WL 1811067, at *3 (approving of selection of co-lead counsel that, similar to here, had "extensive experience representing plaintiffs in complex securities class actions and the proposed liaison counsel had "substantial relevant experience"). Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For these reasons, Wayne County respectfully requests that the Court (1) appoint Wayne County as Lead Plaintiff; (2) approve Wayne County's selection of Kirby McInerney LLP and Thornton Law Firm LLP as Co-Lead Counsel for the Class and Rosenthal, Monhait & Goddess, P.A. as Liaison Counsel for the Class; and (3) such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: February 15, 2019 | **ROSENTHAL, MONHAIT & GODDESS, P.A.** |
| | |
| | */s/ P. Bradford deLeeuw*_____ |
| | Jessica Zeldin (Del. Bar No. 3558) |
| | P. Bradford deLeeuw (Del. Bar No. 3569) |
| | 919 N. Market Street, Suite 1401 |
| OF COUNSEL: | P. O. Box 1070 |
| | Wilmington, Delaware 19899-1070 |
| **KIRBY MCINERNEY LLP** | (302) 656-4433 |
| Peter S. Linden (*pro hac vice*) | |
| Ira M. Press (*pro hac vice*) | *Liaison Counsel for Plaintiff Wayne County* |
| 825 Third Avenue | *Employees' Retirement System and Proposed* |
| New York, New York 10022 | *Liaison Counsel for the Class* |
| (212) 371-6600 | |

**THORNTON LAW FIRM LLP**
Guillaume Buell (*pro hac vice*)
1 Lincoln Street
Boston, Massachusetts 02111
Tel.: (617) 720-1333
Email: gbuell@tenlaw.com

*Counsel for Plaintiff Wayne County Employees' Retirement System and Proposed Co-Lead Counsel for the Class*