IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>MAVENIR, INC., F/K/A XURA, INC., PHILLIPE TARTAVULL, HENRY R. NOTHHAFT, SUSAN D. BOWICK, JAMES BUDGE, NICCOLO DE MASI, MATTHEW DRAPKIN, DORON INBAR and MARK C. TERRELL,<br><br>    Defendants. | Civ. No. 18-1229-CFC |

## MEMORANDUM ORDER

Pending before me are objections to the Magistrate Judge's August 1, 2019 Memorandum Opinion and Order filed by all Defendants save Matthew Drapkin. D.I. 49. I have reviewed the objections, Plaintiff's response (D.I. 51), the Memorandum Opinion (D.I. 47), and Order (D.I. 48).

The Magistrate Judge's Order granted Plaintiff's motion for appointment as lead plaintiff and approval of selection of lead counsel (D.I. 28) and denied Defendant's motion to disqualify plaintiff's counsel as counsel to the putative class

(D.I. 33). The Magistrate Judge had the authority to issue the Order pursuant to 28 U.S.C. § 636(b)(1)(A).

The objections do not identity the appropriate standard of review and therefore fail to comply with Local Rule 72.1(b). They also fail to comply with the Court's October 8, 2013 Standing Order for Objections Filed under Fed. R. Civ. P. 72 (requiring that "objections shall specify the matters to which the party objects and the manner in which it is claimed that the order or ruling is clearly erroneous or contrary to law."). Accordingly, the Court will overrule the objections.[1]

Wherefore, IT IS HEREBY ORDERED this 10th day of December 2019 that:

1. Defendants' objections (D.I. 49) are OVERRULED;

2. Plaintiff's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (D.I. 28) is GRANTED; and

3. Defendant's Motion to Disqualify Plaintiff's Counsel as Counsel to The Putative Class (D.I. 33) is DENIED.

_____
United States District Judge

---

[1] The Court also notes that the unrebutted declarations submitted by Plaintiff confirm that (1) Farrell had no involvement in this Action and never shared client confidences with Labaton or anyone else; (2) immediately upon becoming aware of this Action, Farrell informed Labaton that he had a conflict; (3) Labaton took timely action to wall Farrell off from this Action; and (4) no person working for Plaintiff or its current counsel has ever spoken with Farrell about this Action or received from him any non-public information about Defendants or the claims of this Action.